Township of Doylestown, Appellant *v.* Elaine P. Zettick et al., Appellees.

Argued April 4, 1983, before Judges ROGERS, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*James M. Niel,* with him *George M. Bush, and Joseph H. Wagner,* for appellant.

*James M. McNamara,* for appellees.

114

OPINION BY JUDGE WILLIAMS, JR., February 2, 1984:

The Township of Doylestown (appellant) has appealed from an order of the Court of Common Pleas of Bucks County sustaining preliminary objections to the Township's complaint in equity.

On a date not averred in appellant's complaint, the Commissioners of Bucks County (Commissioners) adopted a resolution to build a new county prison facility on property which is owned by Bucks County and located in Doylestown Township. No actions in furtherance of this resolution had been taken by the Commissioners when, on September 22, 1981, the Township filed the instant action in equity. The Township asserted in its complaint that construction of the prison outside the county seat of Bucks County, which is the Borough of Doylestown, is prohibited by The County Code (Code),[1] and requested an injunction restraining the Commissioners and the County of Bucks (appellees) from building the prison in Doylestown Township. The appellees interposed preliminary objections to the complaint, challenging equity's power to inquire into this matter. By order dated December 29, 1981, the court below sustained the preliminary objections and dismissed the Township's complaint with prejudice.

In its opinion filed in support of that order, the trial court, rather than confining its discussion to the jurisdictional issue raised by the preliminary objections, primarily addressed the merits of this case. The court concluded that the Code did not prohibit the appellees from locating the proposed prison beyond the geographical boundaries of the Borough of Doyles-

---

[1] Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §§101, *et seq.* Specifically, in making this contention the appellant relied upon Sections 2315(b) and 2316 of the Code, 16 P.S. §§2315(b), 2316.

town, and urged us to review this conclusion on appeal. However, the merits of this case are not properly before us at this stage of the proceedings; nor were they properly before the common pleas court. We must restrict our decision to the question of equity's jurisdiction over this matter, and now turn to that issue.

At all times relevant to this proceeding, Section 2315(b)[2] of the Code provided:

The county commissioners may provide, in accordance with this section, for the construction or alteration, including enlargement of a county court house, county jail, prison, workhouse, detention house and such other county buildings, as may be required or authorized by law. Such construction or alteration shall be done at the county seat or elsewhere as authorized by law. *Whenever the county commissioners undertake any such construction or alteration, they shall cause to be prepared plans and specifications therefor, and shall submit such plans and specifications of any county court house, county jail, prison, workhouse or detention house as are approved by them to the judges of the court of common pleas for approval. If the said court, upon due consideration and such hearings and other measures as it may desire, approve the said plans and specifications as submitted or as modified, the county commissioners may secure bids for the contract or contracts involved in the construction or alteration in accordance with this act.* Any such contract or contracts shall be made as provided by this act, but shall, in addition, be sub-

[2] 16 P.S. §2315(b).

ject to the approval of the court of common pleas as being in accordance with the plans and specifications approved by it, and otherwise proper and authorized by law. The said court may, in each case, follow such procedures, hear such witnesses, or call for such evidence as shall inform its judgments regarding such approvals. (Emphasis added.)

Thus, this Section of the Code required the county commissioners, whenever they elected to construct a new county building, to decide upon plans and specifications for the construction, and to submit those plans and specifications to the court of common pleas for approval. *It was only when the court granted its approval that the commissioners could solicit bids for any contracts involved in the construction.*[3] Clearly, the site for a new county building is part of the "plans" the commissioners were required to present, together with specifications, to the court of common pleas for approval; and therefore, a county building could not be built on a particular site unless the common pleas court approved plans and specifications which included that site.

Here, at the time the Township filed its complaint, the only action taken with respect to the construction of a new county prison was a resolution by the Commissioners to build the facility on the property located in the Township. *Pursuant to Section 2315(b) of the Code, the proposed prison could not have been built on the Township property at that time, because the Court of Common Pleas of Bucks County had not approved*

---

[3] The 1982 amendments to Section 2315(b) have eliminated the requirement that the court of common pleas approve the plans and specifications chosen by the county commissioners, and also the requirement that the court approve any contracts involved in the construction or alteration.

*plans and specifications which included that site.* For this reason, we must conclude that the appellant's action seeking to enjoin the appellees from building the prison in the Township was premature, and that the court below properly sustained the preliminary objections to equity's jurisdiction.

The trial court, however, dismissed the Township's complaint with prejudice, thereby foreclosing the possibility of any future suit by the appellant to enjoin the appellees from constructing the new prison in the Township. Since we hold only that appellant's equity action was premature, we affirm the order of the court below insofar as it sustains the preliminary objections and dismisses the complaint.

### ORDER

AND Now, the 2nd day of February, 1984, the order of the Court of Common Pleas of Bucks County at No. 81-08238-09-5, dated December 29, 1981, is hereby affirmed insofar as the preliminary objections are sustained and the complaint dismissed.

